Randy J. Harvey, OSB #116714
Email: randy@elpnw.com
Andrew T. Mittendorf, OSB #205394
Email: andrew@elpnw.com
Jameson E. Gideon, OSB #202871
Email: jameson@elpnw.com
**EMPLOYMENT LAW PROFESSIONALS NW**
POB 1309
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
Telephone: 503-822-5340
Facsimile: 503-433-1404

Of Attorneys for Plaintiff **Danielle Sutter**

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **DANIELLE SUTTER**, <br><br> Plaintiff, <br><br> v. <br><br> **SHRINERS HOSPITALS FOR CHILDREN**, a non-profit corporation, and **SUSAN STEEN**, an individual, <br><br> Defendants. | Case No. 3:21-cv-01874 <br><br> **COMPLAINT** <br><br> **Violation of the Federal Family Medical Leave Act 29 USC §2615; Employment Discrimination on Basis of Disability 42 USC §§12112; Employment Discrimination on Basis of Disability ORS §659A.112; Employment Discrimination on Basis of Whistleblowing Status ORS §659A.199; Employment Discrimination on Basis of Whistleblowing Status ORS §659A.203; Failure to Pay All Wages on Termination ORS §652.140** <br><br> **Claim: $1,420,000.00** <br> **Filing Fee: $402** <br><br> **DEMAND FOR JURY TRIAL** |

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

Danielle Sutter ("Plaintiff"), by and through her attorneys, does hereby state and allege as follows:

## I.     INTRODUCTION

1.

This is an employment discrimination and retaliation case. Danielle Sutter ("Plaintiff") was employed to work full-time for Shriners Hospitals for Children ("Shriners") in a Department Assistant III position. Ninety-five days later she received her first performance evaluation and was meeting standards in all areas. In March 2020, Ms. Susan Steen ("Steen") was hired by Shriners and became Plaintiff's supervisor. Plaintiff filed complaints with Shriners' Human Resources about conduct by Steen that Plaintiff sincerely believed was unlawful, violated Shriners policy, and involved illegally altering other Shriners employees' timecards, illegally denying approved medical leave under the Family Medical Leave Act ("FMLA"), and restricting access to critical employee leave records. After Plaintiff filed these reports regarding Ms. Steen's conduct, she was subjected to repeated retaliation, harassment, discrimination, and abuse.

When Plaintiff had a need for an accommodation under the Americans with Disabilities Act ("ADA"), Shriners failed to engage her in the interactive process to determine what reasonable accommodation could be made, and Plaintiff was not provided a reasonable accommodation. Thereafter, Steen removed time and leave from Plaintiff's timesheets without authorization, causing financial harm to Plaintiff. Plaintiff sought Family Medical Leave under Oregon ("OFLA") and federal law (FMLA) and The Hartford Insurance Company Hartford granted the leave; however, Steen removed the days off Plaintiff's timecard. When Plaintiff was approved to obtain leave under FMLA/OFLA, her supervisor removed FMLA/OFLA leave from Plaintiff's

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

timecards without authorization. Plaintiff was terminated for allegedly falsifying time records, which in fact were altered by her supervisor Steen.

## II.     JURISDICTION AND VENUE

### 2.

This is an action for violations of the Americans with Disabilities Act ("ADA") 42 U.S.C. §12112. This court has original jurisdiction over Plaintiff's federal claims under 28 U.S.C. §1331. This Court also has supplemental jurisdiction over Plaintiff's state claims under 28 U.S.C. §1367.

### 3.

Venue in this district is proper under 28 U.S.C. §1391(b)(1) and (2) because all Defendants reside in this District and Division or have availed themselves of this District and Division, and the events or omissions giving rise to Plaintiff's claims occurred within the District and Division.

## III.     THE PARTIES

### 4.

At all material times herein, Plaintiff was and is a citizen of Oregon. At all material times, Plaintiff is a female over the age of forty, with a disability, who was employed by Shriners.

### 5.

At all material times herein, Shriners was with registered with the Oregon Secretary of State as a foreign non-profit with its principal place of business in Tampa, Florida. Shriners operates a hospital located in the State of Oregon, in the City of Portland in the County of Multnomah. Nationally, Shriners employs more than five hundred (500) employees.

///

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

6.

At all material times herein, Steen was a citizen of Oregon. At all material times, Steen was Plaintiff's supervisor when Plaintiff was employed by Shriners.

## IV.    COMPLIANCE WITH ADMINISTRATIVE PROCEDURES

7.

Plaintiff filed a joint complaint alleging discrimination based on gender and age with the Oregon Bureau of Labor and Industry ("BOLI"), BOLI Case Number AGEMAG200930-11351, and the federal Equal Employment Opportunity Commission ("EEOC"), EEOC Case Number 38D-2021-00154C, on or about September 30, 2020, and received a Right to Sue letter from BOLI dated September 30, 2021 (Exhibit 1). Plaintiff received a Right to Sue letter from EEOC dated October 6, 2021 (Exhibit 2).

8.

Plaintiff filed a joint complaint alleging discrimination based on disability with the Oregon Bureau of Labor and Industry ("BOLI"), BOLI Case Number DPEMDP210406-10503, and the federal Equal Employment Opportunity Commission ("EEOC"), EEOC Case Number 38D-2021-00498C, on or about April 1, 2021, and received a Right to Sue letter from BOLI dated November 8, 2021 (Exhibit 3). Plaintiff received a Right to Sue letter from EEOC dated November 9, 2021 (Exhibit 4).

9.

Plaintiff has timely filed this Complaint in compliance with the issuance of the Right to Sue notifications from BOLI and the EEOC.

///

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

## V.    FACTUAL ALLEGATIONS

10.

Plaintiff incorporates paragraphs 1-9 herein.

11.

On or about September 23, 2019, Shriners hired Plaintiff as a Department Assistant III for the Surgical Department.

12.

Plaintiff's job offer letter dated September 23, 2019, states "[y]our starting salary will be $24.43 per hour ($50,814.40 annually) for a full-time (1.0 FTE) position."

13.

Once Plaintiff was hired, Plaintiff volunteered to process payroll because she had previous experience, even though it was not explicitly listed as a job duty or in the job posting.

14.

On or about December 27, 2019, Plaintiff was given her 90-Day Performance Evaluation under her then manager Ms. Suzanne Diers ("Diers"). Ms. Sarah Risinger ("Risinger"), Director of Human Resources for Shriners, also signed the 90-Day Performance Evaluation.

15.

Plaintiff's 90-Day Performance Evaluation was satisfactory and stated "[Plaintiff] has been a great addition to our department. She has a great attitude, works well with others and is eager to learn the details of the surgeon's scheduling preferences. She is a quick learner and wants to take on more responsibilities. We are lucky to have her!"

//

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

16.

On or about March 2, 2020, Shriners hired Steen as the new Surgical Services Manager because Diers was promoted.

17.

On or about April 17, 2020, Steen made a comment to Plaintiff that Steen would rather have male millennials working for her.

18.

On or about June 3, 2020, Plaintiff filed her first complaint with Human Resources about Steen.

19.

On or about June 3, 2020, the same day that Plaintiff made her first complaint to Human Resources about Steen, thereafter, Plaintiff received a written warning from Steen.

20.

Because of the ongoing COVID-19 global pandemic, Plaintiff was approved for intermittent leave through Hartford under the federal Families First Coronavirus Response Act ("FFCRA"), FMLA, and OFLA.

21.

Shriners employee handbook states that employees may take PTO for certain holidays.

22.

In June of 2020, Plaintiff began noticing that Steen was making changes to Plaintiff's timecard without notifying Plaintiff. Specifically, Plaintiff noticed that Steen had removed some Personal Time Off ("PTO"). When Plaintiff confronted Steen about this, Steen responded that

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

Plaintiff could not take PTO over Plaintiff's Full-Time Equivalent ("FTE") of thirty-two (32) hours per week.

23.

Steen also removed PTO that Plaintiff had used for approved holidays as allowed by the Shriners employee handbook.

24.

Plaintiff had been working or taking PTO in excess of thirty-two (32) hours per week since at least March 2020.

25.

On or about July 9, 2020, Plaintiff contacted Risinger and reported that she felt Steen was retaliating and discriminating against her while also creating a hostile work environment.

26.

In a document dated September 17, 2020, Plaintiff was placed on a Performance Improvement Plan ("PIP").

27.

The PIP document stated "[d]uring the course of your last performance discussion dated 07/09/2020, it was determined that your work performance is below the acceptable standards required of a Department Assistant."

28.

On or about September 28, 2020, Steen restricted Plaintiff's access to employees' FMLA and other essential timekeeping information. Plaintiff required this information in order to process payroll accurately and properly.

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

29.

On or about September 30, 2020, Plaintiff filed a complaint with BOLI and EEOC against Shriners for discrimination and retaliation.

30.

On or about November 23, 2020, Plaintiff provided a note from her healthcare provider to Risinger. This note indicated that Plaintiff has restrictions from increased stress and anxiety related to Plaintiff's timekeeping responsibilities. Plaintiff's stress and anxiety about processing payroll was created because Steen restricted Plaintiff's access to critical information and Plaintiff was concerned that she would make a mistake in the payroll which would lead led to discipline from Shriners or Steen or potential legal liability.

31.

On or about November 24, 2020, Plaintiff met with Risinger to discuss potential accommodations. At this meeting, Plaintiff requested to be removed from processing payroll. Following this meeting, Shriners did not provide Plaintiff with any meaningful accommodation.

32.

On or about December 3, 2020, Plaintiff provided an additional note from her healthcare provider to Risinger. This note specifically stated that Plaintiff was suffering from a medical condition as a result of the increased stress and anxiety.

33.

On or about December 3, 2020, Plaintiff again met with Risinger to discuss potential accommodations; however, Shriners still did not provide Plaintiff with any meaningful accommodation.

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

34.

On or about December 8, 2020, Plaintiff received her Annual Performance Evaluation. This evaluation was the first Annual Performance Evaluation performed by Steen. This evaluation was quite different from Plaintiff's 90-Day Performance Evaluation. On a scale of 1-4, where 1 was "Performance Improvement Required" and 4 was "Exemplary," Plaintiff received an overall score of 1.3 out of 4.0.

35.

On or about January 4, 2021, Plaintiff met with Risinger again to discuss potential accommodations.

36.

On or about January 5, 2021, Plaintiff received an email from Risinger stating "[a]fter careful assessment of your job responsibilities it was determined that timekeeping responsibilities are essential for the Department Assistant position, without these responsibilities we would no longer need this role."

37.

On or about January 5, 2021, Plaintiff responded to Risinger's email asking for a reason for the denial of her accommodation request and wanted to know what hardship Shriner's would suffer by providing Plaintiff an accommodation.

38.

On or about January 5, 2021, Plaintiff received an email from Risinger. In this email, Risinger reiterates the need for the Department Assistant to perform the timekeeping role. Risinger

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

does admit in this email that the timekeeping and payroll processing duty is not officially listed in Plaintiff's job description.

39.

On or about January 8, 2021, Plaintiff only received a 1.5% merit raise as opposed to 2.5%. This represents a disproportionate raise as compared to other employees in similar jobs both inside and outside of the department Plaintiff worked in at the end of 2020. On information and belief, Plaintiff believes this was as a result of Steen's negative Annual Performance Evaluation of Plaintiff and Steen's ongoing retaliation and discrimination.

40.

On or about January 19, 2021, Plaintiff's legal counsel sent a demand letter to Shriners in an attempt to resolve Plaintiff's employment issues with Steen, Risinger, and Shriners. Plaintiff received no response from Shriners.

41.

On or about January 25, 2021, Shriners terminated Plaintiff.

**VI.    CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**
**Violation of the Federal Family Medical Leave Act**
**29 U.S.C. §2615**
**Against Defendant SHRINERS**

42.

Plaintiff incorporates paragraphs 1-41 herein.

43.

On or about April 2, 2020, the federal FFCRA became effective.

///

PAGE 10 – **COMPLAINT**

44.

Under the FFCRA, an employee was allowed to take emergency family medical leave if the employee was prohibited to work because the employee needed to care for a child under the age of eighteen (18) and the child's school or place of care was closed or unavailable because of the COVID-19 public health emergency.

45.

Plaintiff has a child who at the material time was four and turned five years old.

46.

Because of the COVID-19 global pandemic, Plaintiff's child's preschool was closed.

47.

Plaintiff had approved intermittent leave through the Hartford. Hartford was Shriner's designated leave insurance company.

48.

On or about October 5, 2020, Plaintiff was approved for three (3) hours of intermittent leave through Hartford.

49.

On or about October 6, 2020, Plaintiff was approved for two (2) hours of intermittent leave through Hartford.

50.

On or about October 7, 2020, Plaintiff was approved for three (3) hours of intermittent leave through Hartford.

///

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

51.

On or about October 9, 2020, Plaintiff was approved for eight (8) hours of intermittent leave through Hartford.

52.

Plaintiff elected to use PTO to be paid for the above requested intermittent leave days and Plaintiff marked it accordingly on her timecard.

53.

Steen removed eight (8) hours of PTO for the approved intermittent leave for October 9, 2020, without notice to Plaintiff.

54.

Steen marked on Plaintiff's timecard that the PTO was removed because "extra shift already at FTE."

55.

On or about October 19, 2020, Plaintiff wrote at the bottom of the timecard "[Steen] would not pay me for my FMLA that was approved. I do not approve this timecard. This is timecard alteration and fraud."

56.

On or about December 17, 2020, Plaintiff was approved for eight (8) hours of intermittent leave through Hartford.

57.

On or about December 18, 2020, Plaintiff was approved for eight (8) hours of intermittent leave through Hartford.

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

58.

Steen removed eight (8) hours of PTO for the approved intermittent leave for December 18, 2020, without having a discussion with Plaintiff.

59.

Steen commented on Plaintiff's timecard that the eight (8) hours on December 18, 2020, was removed because "cannot pay you PTO above your FTE." Steen gave Plaintiff no notice of the change before removing the time off Plaintiff's timecard.

60.

Plaintiff's job offer letter dated September 23, 2019, indicated that Plaintiff was hired "for a full-time (1.0 FTE) position."

61.

Steen repeatedly asserted that Plaintiff was a 0.8 FTE, which would mean Plaintiff only worked thirty-two (32) hours a week.

62.

During Plaintiff's employment with Shriners, Plaintiff regularly worked more than thirty-two (32) hours a week, especially during the COVID-19 pandemic, which is the time in question.

63.

Steen's removal of approved intermittent leave under the FFCRA violates federal law and FMLA.

64.

Pursuant to 29 USC §2617, Plaintiff is entitled to compensatory damages in the form of lost wages, benefits, interest on the lost wages and benefits, liquidated damages equal to the lost

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

wages, benefits, and interest on the lost wages and benefits, reasonable attorney fees, and costs incurred herein to be proven at trial.

**SECOND CLAIM FOR RELIEF**
**Employment Discrimination on Basis of Disability**
**42 U.S.C. §12112**
**Against Defendant SHRINERS**

65.

Plaintiff incorporates paragraphs 1-64 herein.

66.

Plaintiff was being asked to process payroll without access to critical information needed to process payroll in a manner that she believed was legal and accurate.

67.

Plaintiff made this concern known to Steen and Risinger.

68.

The stress of being asked to process payroll in a manner that was inaccurate at best and illegal at worst, caused Plaintiff to experience significant and severe anxiety and panic attacks.

69.

Plaintiff went to her medical provider and discussed the stress and anxiety that processing payroll was causing her.

70.

On or about November 23, 2020, Plaintiff provided a note from her healthcare provider to Risinger. This note indicated that Plaintiff had restrictions from increased stress and anxiety related to Plaintiff's timekeeping responsibilities. Plaintiff's stress and anxiety about processing payroll was created because Steen restricted Plaintiff's access to critical information and Plaintiff was

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

nervous that she would make a mistake in the payroll which led to discipline from Shriners or Steen or potential legal liability.

71.

On or about December 3, 2020, Plaintiff provided an additional note from her healthcare provider to Risinger. This note specifically stated that Plaintiff was suffering from a medical condition as a result of the increased stress and anxiety.

72.

On or about January 5, 2021, Plaintiff received an email from Risinger stating "[a]fter careful assessment of your job responsibilities it was determined that timekeeping responsibilities are essential for the Department Assistant position, without these responsibilities we would no longer need this role."

73.

Payroll processing was not listed anywhere on Plaintiff's job description and therefore cannot be deemed to have been an "essential" responsibility.

74.

On or about January 5, 2021, Plaintiff responded to Risinger's email asking for a reason for the denial of her accommodation request and wanted to know what hardship Shriners would suffer by providing Plaintiff an accommodation.

75.

On or about January 5, 2021, Plaintiff received an email from Risinger. In this email, Risinger reiterates the need for the Department Assistant to perform the timekeeping role. Risinger

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

admits in this email that the timekeeping and payroll processing duty is not officially listed in Plaintiff's job description.

76.

On or about January 19, 2021, Plaintiff's legal counsel sent a demand letter to Shriners in an attempt to resolve Plaintiff's employment issues with Steen, Risinger, and Shriners, including discrimination on the basis of disability. Plaintiff received no response from Shriners.

77.

On or about January 25, 2021, Shriners terminated Plaintiff.

78.

Shriners never made any meaningful accommodation for Plaintiff. No offers of any kind of accommodation were offered to Plaintiff.

79.

Plaintiff's fear and anxiety impaired multiple major life activities including:

a.  Sleep;

b.  Concentration;

c.  Thinking;

d.  Work;

e.  Socializing;

f.  Interactions with other people; and

g.  Employment.

///

///

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

80.

Plaintiff is entitled to compensatory damages, emotional distress damages, reasonable attorney fees, and costs in incurred herein to be proven at trial.

**THIRD CLAIM FOR RELIEF**
**Employment Discrimination on Basis of Disability**
**ORS §659A.112**
**Against Defendant SHRINERS**

81.

Plaintiff incorporates paragraphs 1-80 herein.

82.

Plaintiff was being asked to process payroll without having all of the necessary information.

83.

Steen blocked Plaintiff's access to the needed information after Plaintiff started making complaints about Steen.

84.

On numerous occasions Plaintiff informed Steen and Shriners' Human Resources that Plaintiff was not comfortable processing payroll without access to the needed information.

85.

Plaintiff feared that at best she would be internally disciplined, and at worst legally liable, for processing payroll incorrectly because she did not have access to needed information.

86.

The fear that Plaintiff felt was in good faith and created an immense amount of anxiety for Plaintiff.

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

87.

Plaintiff sought medical attention for the fear and anxiety and was being treated by a medical professional.

88.

Plaintiff's fear and anxiety impaired multiple major life activities including:

    a.  Sleep;

    b.  Concentration;

    c.  Thinking;

    d.  Work;

    e.  Socializing;

    f.  Interactions with other people; and

    g.  Employment.

89.

On or about November 23, 2020, Plaintiff provided a note from her healthcare provider to Risinger. This note indicated that Plaintiff had restrictions from increased stress and anxiety related to Plaintiff's timekeeping responsibilities. Plaintiff's stress and anxiety about processing payroll was created because Steen restricted Plaintiff's access to critical information and Plaintiff was concerned that she would make a mistake in the payroll which led to discipline from Shriners or Steen or potential legal liability.

///

///

///

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

90.

On or about December 3, 2020, Plaintiff provided an additional note from her healthcare provider to Risinger. This note specifically stated that Plaintiff was suffering from a medical condition as a result of the increased stress and anxiety.

91.

On or about January 5, 2021, Plaintiff received an email from Risinger stating "[a]fter careful assessment of your job responsibilities it was determined that timekeeping responsibilities are essential for the Department Assistant position, without these responsibilities we would no longer need this role."

92.

Payroll processing was not listed anywhere on Plaintiff's job description and therefore cannot be deemed to have been an "essential" responsibility and had previously been performed by other employees.

93.

On or about January 5, 2021, Plaintiff responded to Risinger's email asking for a reason for the denial of her accommodation request and wanted to know what hardship Shriners would suffer by providing Plaintiff an accommodation.

94.

On or about January 5, 2021, Plaintiff received an email from Risinger. In this email, Risinger reiterated the need for the Department Assistant to perform the timekeeping role. Risinger admitted in this email that the timekeeping and payroll processing duty is not officially listed in Plaintiff's job description.

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

95.

On or about January 19, 2021, Plaintiff's legal counsel sent a demand letter to Shriners in an attempt to resolve Plaintiff's employment issues with Steen, Risinger, and Shriners, including discrimination on basis of disability. Plaintiff received no response from Shriners.

96.

On or about January 25, 2021, Shriners terminated Plaintiff.

97.

Shriners never made any meaningful accommodation for Plaintiff. No offers of any kind of accommodation were offered to Plaintiff.

98.

Shriners is a large non-profit employer and could have found another employee or department who could have processed payroll, a job that Plaintiff was not originally hired to do.

99.

Pursuant to ORS 659A.885, Plaintiff is entitled to compensatory damages, emotional distress damages, reasonable attorney fees, and costs in incurred herein to be proven at trial.

**FOURTH CLAIM FOR RELIEF**
**Employment Discrimination on Basis of Whistleblowing Status**
**ORS §659A.199**
**Against Defendant SHRINERS**

100.

Plaintiff incorporates paragraphs 1-99 herein.

101.

On or about September 28, 2020, Plaintiff had her access to employees' leave information restricted by Steen.

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

102.

Plaintiff required access to the employee leave information to ensure that Plaintiff processed employee's payroll correctly and that Shriners' employees were paid correctly.

103.

Plaintiff had fear in good faith that without access to the employee's leave information, Plaintiff would not be able to process payroll in an accurate and therefore legal manner.

104.

Plaintiff made this concern known to Shriners through Human Resources on more than one occasion.

105.

On information and belief, Plaintiff's report to Human Resources created additional unwarranted scrutiny and harassment from Steen.

106.

Plaintiff went from having a very good 90-Day Performance Evaluation, which indicated that Plaintiff was a good, contributing employee, to a very low Annual Performance Evaluation after making repeated complaints and reports about Steen and issues Plaintiff had with processing the payroll in a legal manner.

107.

Plaintiff was subjected to months of harassment by Steen in the form of yelling, berating, embarrassment, reduction of job duties, timecard manipulation, and restriction to essential information need to properly execute her job duties.

///

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

108.

Shriners employee handbook lists holidays that will be observed. In pertinent part they include:

    a.   Thanksgiving Day;

    b.   Friday after Thanksgiving; and

    c.   Christmas Day.

109.

Shriners employee handbook provides that employees of Shriners are allowed to use PTO to be paid for the holidays listed above.

110.

Plaintiff used eight (8) hours of PTO for Thursday, November 26, 2020, Thanksgiving Day.

111.

Plaintiff marked eight (8) hours of PTO for Friday, November 27, 2020, the day after Thanksgiving Day.

112.

Plaintiff used eight (8) hours of PTO for Thursday, December 24, 2020, Christmas Eve.

113.

Plaintiff marked eight (8) hours of PTO for Friday, December 25, 2020, Christmas Day.

114.

Because of the ongoing COVID-19 pandemic, Plaintiff regularly had been working on Fridays.

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

115.

Plaintiff's job offer letter dated September 23, 2019, states "[y]our starting salary will be $24.43 per hour ($50,814.40 annually) for a full-time (1.0 FTE) position."

116.

Steen removed the eight (8) hours from Plaintiff's timecard for Friday, November 27, 2020, the day after Thanksgiving Day, without having any conversation with Plaintiff. Plaintiff did not give Steen or Shriners the permission to make this timecard alteration.

117.

Steen removed the eight (8) hours from Plaintiff's timecard for Friday, December 25, 2020, Christmas Day, without having any conversation with Plaintiff. Plaintiff did not give Steen or Shriners the permission to make this timecard alteration.

118.

Steen indicated that Plaintiff was not paid for December 25, 2020, because Plaintiff was not regularly scheduled for Friday. Additionally, Steen said "cannot pay you PTO above your FTE."

119.

Plaintiff was subjected to months of harassment by Steen in the form of yelling, berating, embarrassment, reduction of job duties, and restriction to essential information need to properly execute her job duties.

120.

Steen's actions and treatment of Plaintiff resulted in Plaintiff feeling isolated from other employees in her department and embarrassed.

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

121.

Plaintiff's employment with Shriners was terminated, after Plaintiff continued to raise issues with payroll and after her legal counsel identified legal concerns about Shriners' handling of disability accommodations and sent a demand letter.

122.

Pursuant to ORS 659A.885, Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs in incurred herein to be proven at trial.

### FIFTH CLAIM FOR RELIEF
### Employment Discrimination on Basis of Whistleblowing Status
### ORS §659A.203
### Against Defendant SHRINERS

123.

Plaintiff incorporates paragraphs 1-122 herein.

124.

At all material times, Shriners was a registered non-profit corporation.

125.

Pursuant to ORS 659A.885, Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs in incurred herein to be proven at trial.

126.

Pursuant to ORS 659A.203(3), Plaintiff is entitled to remedies under ORS 659A.203 in addition to any remedies under ORS 659A.199.

///

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

## SIXTH CLAIM FOR RELIEF
## Failure to Pay All Wages on Termination
## ORS §652.140
## Against Defendant SHRINERS

### 127.

Plaintiff incorporates paragraphs 1-126 herein.

### 128.

Shriners employee handbook lists holidays that will be observed. In pertinent part they include:

    a.  Thanksgiving Day;

    b.  Friday after Thanksgiving; and

    c.  Christmas Day.

### 129.

Shriners' employee handbook provides that employees of Shriners are allowed to use PTO to be paid for the holidays listed above.

### 130.

Plaintiff used eight (8) hours of PTO for Thursday, November 26, 2020, Thanksgiving Day.

### 131.

Plaintiff marked eight (8) hours of PTO for Friday, November 27, 2020, the day after Thanksgiving Day.

### 132.

Plaintiff used eight (8) hours of PTO for Thursday, December 24, 2020, Christmas Eve.

///

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

133.

Plaintiff marked eight (8) hours of PTO for Friday, December 25, 2020, Christmas Day.

134.

Because of the ongoing COVID-19 pandemic, Plaintiff regularly had been working on Fridays.

135.

Plaintiff's job offer letter dated September 23, 2019, states "[y]our starting salary will be $24.43 per hour ($50,814.40 annually) for a full-time (1.0 FTE) position."

136.

Steen removed the eight (8) hours from Plaintiff's timecard for Friday, November 27, 2020, the day after Thanksgiving Day, without having any conversation with Plaintiff. Plaintiff did not give Steen or Shriners the permission to make this timecard alteration.

137.

Steen removed the eight (8) hours from Plaintiff's timecard for Friday, December 25, 2020, Christmas Day, without having any conversation with Plaintiff. Plaintiff did not give Steen or Shriners permission to make this timecard alteration.

138.

Steen indicated that Plaintiff was not paid for December 25, 2020, because Plaintiff was not regularly scheduled for Friday. Additionally, Steen said "cannot pay you PTO above your FTE."

///

///

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

139.

Plaintiff, through her legal counsel, made a demand to Shriners to pay her for the PTO that was removed. Shriners did not pay Plaintiff for the PTO.

140.

Plaintiff is entitled to be compensated for the illegally removed PTO, thirty (30) days of penalty wages, and reasonable attorney fees, and costs in incurred herein to be proven at trial.

**SEVENTH CLAIM FOR RELIEF**
**Violation of the Federal Family Medical Leave Act**
**29 U.S.C. §2615**
**Against Defendant STEEN**

141.

Plaintiff incorporates paragraphs 1-64 herein.

142.

Under the FMLA, an employer is defined as including "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer."

143.

Steen, as a supervisor, was acting in her official job capacity when she removed Plaintiff's approved PTO under Plaintiff's approved intermittent leave under FMLA and FFCRA.

144.

Pursuant to 29 USC §2617, Plaintiff is entitled to compensatory damages in the form of lost wages, benefits, interest on the lost wages and benefits, liquidated damages equal to the lost wages, benefits, and interest on the lost wages and benefits, reasonable attorney fees, and costs incurred herein to be proven at trial.

///

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

WHEREFORE, Plaintiff prays for relief as follows:

1. On the **First Claim** for relief for Violation of the Federal Family Medical Leave Act under 29 U.S.C. §2615 by Defendant Shriners, Plaintiff prays for relief as follows:

   a. Back pay and front pay, with all attendant benefits and other emoluments of employment including health insurance benefits, vacation and sick leave, and pension, according to proof at trial in an amount no less than $310,000;

   b. Interest on the back pay and front pay;

   c. Liquidated damages according to proof at trial in an amount equal to the back pay and front pay;

   d. Nominal damages;

   e. Attorney fees and costs according to proof; and

   f. Any other remedies fashioned by the Court.

2. On the **Second Claim** for relief for violations of the Americans with Disabilities Act under 42 U.S.C. §12112 by Defendant Shriners, Plaintiff prays for relief as follows:

   a. Back pay and front pay, with all attendant benefits and other emoluments of employment including health insurance benefits, vacation and sick leave, and pension, according to proof at trial in an amount no less than $310,000.00;

   b. Emotional distress damages in an amount according to proof at trial in an amount no less than $150,000.00;

   c. Nominal damages;

   d. Attorney fees and costs according to proof; and

   e. Any other remedies fashioned by the Court.

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

3. On the **Third Claim** for relief for Employment Discrimination on Basis of Disability under ORS §659A.112 by Defendant Shriners, Plaintiff prays for relief as follows:

   a. Back pay and front pay, with all attendant benefits and other emoluments of employment including health insurance benefits, vacation and sick leave, and pension, according to proof at trial in an amount no less than $310,000.00;

   b. Emotional distress damages in an amount according to proof at trial in an amount no less than $150,000.00;

   c. Nominal damages;

   d. Attorney fees and costs according to proof; and

   e. Any other remedies fashioned by the Court.

4. On the **Fourth Claim** for relief for Discrimination and Retaliation of a Whistleblower under ORS §659A.199 by Defendant Shriners, Plaintiff prays for relief as follows:

   a. Back pay and front pay, with all attendant benefits and other emoluments of employment including health insurance benefits, vacation and sick leave, and pension, according to proof at trial in an amount no less than $310,000.00;

   b. Damages for loss to professional reputation in an amount according to proof at trial, but no less than $150,000.00;

   c. Emotional distress damages in an amount according to proof at trial in an amount no less than $150,000.00;

   d. Nominal damages;

   e. Attorney fees and costs according to proof; and

   f. Any other remedies fashioned by the Court.

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

5.  On the **Fifth Claim** for relief for Discrimination and Retaliation of a Whistleblower under ORS §659A.203 by Defendant Shriners, Plaintiff prays for relief as follows:

    a.  Back pay and front pay, with all attendant benefits and other emoluments of employment including health insurance benefits, vacation and sick leave, and pension, according to proof at trial in an amount no less than $310,000.00;

    b.  Damages for loss to professional reputation in an amount according to proof at trial, but no less than $150,000.00;

    c.  Emotional distress damages in an amount according to proof at trial in an amount no less than $150,000.00;

    d.  Nominal damages;

    e.  Attorney fees and costs according to proof; and

    f.  Any other remedies fashioned by the Court.

6.  On the **Sixth Claim** for Failure to Pay All Wages on Termination under ORS §652.140 by Defendant Shriners, Plaintiff prays for relief as follows:

    a.  Compensation for the amount of wages Shriners wrongfully failed to pay;

    b.  Thirty (30) days of penalty wages at Plaintiff's most recent hourly rate in an amount according to proof at trial;

    c.  Nominal damages;

    d.  Attorney fees and costs according to proof; and

    e.  Any other remedies fashioned by the Court.

///

///

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

7. On the **Seventh Claim** for relief for Violation of the Federal Family Medical Leave Act under 29 U.S.C. §2615 by Defendant Steen, Plaintiff prays for relief as follows:

    a. Back pay and front pay, with all attendant benefits and other emoluments of employment including health insurance benefits, vacation and sick leave, and pension, according to proof at trial in an amount no less than $200,000.00;

    b. Interest on the back pay and front pay;

    c. Liquidated damages according to proof at trial in an amount equal to the back pay and front pay;

    d. Nominal damages;

    e. Attorney fees and costs according to proof; and

    f. Any other remedies fashioned by the Court.

Plaintiff hereby demands trial by jury on all issues so triable.

DATED this 28th day of December 2021.

Respectfully submitted,
**EMPLOYMENT LAW PROFESSIONALS**

By: */s Andrew T. Mittendorf*
Andrew T. Mittendorf, OSB #205394
Email: andrew@elpnw.com
Randy J. Harvey, OSB #116714
Email: randy@elpnw.com
Jameson E. Gideon, OSB #202871
Email: jameson@elpnw.com

**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
Telephone: 503-822-5340
Facsimile: 503-433-1404

Of Attorneys for Plaintiff Danielle Sutter

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404



VAL HOYLE
Labor Commissioner

September 30, 2021



DANIELLE SUTTER
8730 SW BELLFLOWER ST
PORTLAND, OR 97224

RE:     Complainant:   Danielle Sutter
        Respondent:    Shriners Hospitals For Children
        Case #:        AGEMAG200930-11351
        EEOC #:        38D-2021-00154C

This letter is to inform you that the above-captioned complaint filed with the Civil Rights Division has been dismissed because the Division did not find sufficient evidence to continue our investigation. This is the Bureau's final determination. If you wish to pursue your claim(s) further, you may wish to consult an attorney regarding your right to file a civil suit.

NOTICE OF RIGHT TO FILE A CIVIL SUIT
This is your 90-day notice letter. Although this case has been closed, pursuant to ORS 659A.880, you, the Complainant, may file a civil action against the Respondent under ORS 659A.885 within 90 days after the date of mailing of this 90-day notice. Any right to bring a civil action against the Respondent under ORS 659A.885 will be lost if the civil action is not commenced within 90 days after the date of the mailing of this 90-day notice. *Note: If the complaint was a public accommodations case filed under ORS 659A.403 or 659A.406, the right to file suit in state circuit court expires <u>one year from the date of the alleged violation</u>.*

Further, if the Respondent is a public entity, to preserve the right to file a suit in state circuit court, the Complainant must also comply with the Oregon Tort Claims Act (ORS 30.260 to 30.300). Complainants interested in protecting these rights, should consult an attorney immediately regarding the requirements for filing. The Oregon State Bar referral number for Portland is 503-620-0222 or 800-452-7636.

Requests for copies or viewing this file will be processed as explained on the enclosed Request for Public Records form.

Sincerely,
CIVIL RIGHTS DIVISION
Administrative Support Unit

**Date of Mailing**: September 30, 2021

Enclosure(s)
cc:     Randy J Harvey, Complainant's Attorney
sw


Portland • Salem • Eugene
Bend • Medford


oregon.gov/boli
mailb@boli.state.or.us

(971) 673-0761
Ore. Relay TTY: 711


USDC Case No. 3:21-cv-01874
Exhibit 1
Page 1 of 1

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Danielle Sutter<br>C/O Randy J Harvey, Employment Law Professionals<br>Po Box 1309<br>Sherwood, OR 97140 | From: | Seattle Field Office<br>909 First Avenue<br>Suite 400<br>Seattle, WA 98104-1061 |
|---|---|---|---|

| ☐ | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | | |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **38D-2021-00154** | **Kristine Jensen Nube,**<br>**State & Local Program Manager** | **(510) 956-0011** |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*[signature]*                                    10/6/2021

| Enclosures(s) | | |
|---|---|---|
| | **Elizabeth Cannon,**<br>**Director** | *(Date Issued)* |

cc: **SHRINERS HOSPITAL FOR CHILDREN**
c/o John M Kruetzer, Bullivant Houser
1 SW Columbia St #800
Portland, OR 97204

**Veronica R. Rodriguez**
**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309
Sherwood, OR 97140

November 8, 2021



**VAL HOYLE**
Labor Commissioner

DANIELLE SUTTER
C/O EMPLOYMENT LAW PROFESSIONALS
PO BOX 1309
SHERWOOD, OR 97140



RE: Complainant: Danielle Sutter
    Respondent: Shriners Hospitals For Children
    Case #: DPEMDP210406-10503
    EEOC #: 38D-2021-00498C

This letter is to inform you that the above-captioned complaint filed with the Civil Rights Division has been closed because the Complainant has withdrawn and informed us of intention to go to court.

NOTICE OF RIGHT TO FILE A CIVIL SUIT
This is your 90-day notice letter. Although this case has been closed, pursuant to ORS 659A.880, you, the Complainant, may file a civil action against the Respondent under ORS 659A.885 within 90 days after the date of mailing of this 90-day notice. Any right to bring a civil action against the Respondent under ORS 659A.885 will be lost if the civil action is not commenced within 90 days after the date of the mailing of this 90-day notice. *Note: If the complaint was a public accommodations case filed under ORS 659A.403 or 659A.406, the right to file suit in state circuit court expires <u>one year from the date of the alleged violation</u>.*

Further, if the Respondent is a public entity, to preserve the right to file a suit in state circuit court, the Complainant must also comply with the Oregon Tort Claims Act (ORS 30.260 to 30.300). Complainants interested in protecting these rights, should consult an attorney immediately regarding the requirements for filing. The Oregon State Bar referral number for Portland is 503-620-0222 or 800-452-7636.

If your case involves an Occupational Safety and Health Administration (OSHA) retaliation complaint, Complainants who choose to withdraw their case to federal or state court will forfeit their rights to appeal this Oregon Bureau of Labor and Industries determination with OSHA.

Requests for copies or viewing this file will be processed as explained on the enclosed Request for Public Records form.

Sincerely,
CIVIL RIGHTS DIVISION
Administrative Support Unit

jl

**Date of Mailing**: November 8, 2021

Enclosure(s) Request for Public Records
cc: Andrew T Mittendorf, Complainant's Attorney


Portland • Salem • Eugene
Bend • Medford


**oregon.gov/boli**
mailb@boli.state.or.us


(971) 673-0761
USDC Case No. 3:21-cv-01872-SB
**Exhibit 3**
**Page 1 of 1**

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

RECEIVED
NOV 1 5 2021
BY: HC

| To: | Danielle Sutter<br>c/o Andrew Mittendorf<br>Employment Law Professionals 21887 SW sherwood Blvd. #B<br>Sherwood, OR 97140 | From: | Seattle Field Office<br>909 First Avenue<br>Suite 400<br>Seattle, WA 98104-1061 |
|---|---|---|---|

☐   *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **38D-2021-00498** | **Kristine Jensen Nube,**<br>**State & Local Program Manager** | **(510) 956-0011** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]    More than 180 days have passed since the filing of this charge.

[ ]    Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]    The EEOC is terminating its processing of this charge.

[ ]    The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]    The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]    The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]* Etc            11/9/2021

Enclosures(s)

**Elizabeth Cannon,**
**Director**

*(Date Issued)*

cc:    **SHRINERS HOPSITALS FOR CHILDREN**
c/o John M. Kreutzer
Bullivant Houser  One SW Columbia St.  #800
Portland, OR 97204