IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DANIELLE SUTTER,

        Plaintiff,

    v.

SHRINERS HOSPITALS FOR CHILDREN, a nonprofit corporation, and SUSAN STEEN, an individual,

        Defendants.

No. 3:21-cv-01874-HZ

OPINION & ORDER

Randy J. Harvey
Andrew Thomas Mittendorf
Employment Law Professionals
20015 SW Pacific Hwy, Ste 221
Sherwood, OR 97140

    Attorneys for Plaintiff

Amanda Bryan
John M. Kreutzer
Bullivant Houser Bailey PC
One SW Columbia St, Ste 800
Portland, OR 97204

    Attorneys for Defendant

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Defendants move for attorney fees and costs as the prevailing party in this employment discrimination lawsuit. ECF 50, 52. Plaintiff objects. ECF 54. This matter is suitable for decision without oral argument. For the following reasons, the Court denies the motion for attorney fees and taxes costs against Plaintiff, as adjusted herein.

## BACKGROUND

Plaintiff Danielle Sutter sued Defendants Shriners Hospitals for Children and Susan Steen, bringing claims for violations of the Family and Medical Leave Act ("FMLA"), discrimination based on disability and status as a whistleblower, and failure to pay all wages at termination. Compl., ECF 1. Defendants moved for summary judgment on all seven claims. ECF 39. On August 15, 2023, the Court granted Defendants' motion in full. Op. & Ord., ECF 48. The Court entered judgment for Defendants on August 16, 2023. ECF 49. Defendants timely moved for an award of attorney fees and costs. Defendants seek to recover attorney fees of $100,641, which they state are related to the defense of Plaintiff's disability discrimination and whistleblower claims, not her FMLA or wage claims. Def. Mot. 2. They seek to recover costs of $3,840.55. Bill of Costs 1. Plaintiff timely filed objections.

## DISCUSSION

The Court concludes that Defendants are not entitled to attorney fees, but they are entitled to recover most of the costs they seek.

**I.     Attorney Fees**

    A.     Standard

The Court confines its analysis to the four claims for which Defendants seek fees. Plaintiff brought disability discrimination claims under the Americans with Disabilities Act

("ADA"), 42 U.S.C. § 12101 *et seq.*, and Oregon Revised Statute ("O.R.S.") § 659A.112. Compl. ¶¶ 65-99. She brought claims for employment discrimination on the basis of her status as a whistleblower under O.R.S. 659A.199 and 659A.203. *Id.* ¶¶ 100-126. Both the ADA and Oregon's employment discrimination statute provide that a prevailing party, including a prevailing defendant, may recover fees and costs. 42 U.S.C. § 12205; O.R.S. 659A.885(1).

Under the ADA, the district court "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs[.]" 42 U.S.C. § 12205. Attorney fees may be awarded to a prevailing defendant in a civil rights case only if the plaintiff's case was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 421 (1978) (so holding in the context of Title VII claims); *Summers v. Teichert & Son, Inc.*, 127 F.3d 1150, 1154 (9th Cir. 1997) (applying the *Christiansburg* standard to a prevailing defendant's request for attorney fees under the ADA). The district court should not conclude that the plaintiff's case was meritless based only on the plaintiff's failure to prevail. *Christiansburg*, 434 U.S. at 422. "Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." *Id.* "A case may be deemed frivolous only when the result is obvious or the . . . arguments of error are wholly without merit." *Karam v. City of Burbank*, 352 F.3d 1188, 1195 (9th Cir. 2003) (internal quotations omitted).

Oregon's employment discrimination statute provides that "the court may allow the prevailing party costs and reasonable attorney fees at trial and on appeal." O.R.S. 659A.885(1). Oregon courts apply the *Christiansburg* standard in addressing prevailing defendants' claims for attorney fees under the statute. *McCarthy v. Oregon Freeze Dry, Inc.*, 334 Or. 77, 84, 46 P.3d

721 (2002). Thus, the same standard applies to the four claims for which Defendants seek to recover attorney fees.

  B.  Application

The Court concludes that Plaintiff's claims were weak but not frivolous, so Defendants are not entitled to attorney fees. In her disability discrimination claims, Plaintiff alleged that she suffered stress and anxiety because of how she was instructed to handle payroll duties, that she asked to be relieved of those duties as an accommodation, and that Defendant Shriners declined to accommodate her. Compl. ¶¶ 65-99. The record showed that Plaintiff obtained two notes from her doctor stating that Plaintiff suffered stress and anxiety due to the demands of payroll duties, that she presented those notes to Defendants and asked to be relieved from those duties, and that Defendants discussed accommodations with her but did not remove her from her payroll duties because they were deemed an essential function. Op. & Ord. 5. The Court held that Plaintiff failed to make a prima facie case of disability discrimination because, while stress and anxiety could be considered mental impairments under the ADA, Plaintiff had not shown she was disabled under the ADA. *Id.* at 11-12. Plaintiff submitted no evidence about how long her condition was expected to last, and she could not be regarded as disabled simply because Defendant Shriners discussed possible accommodations with her. *Id.* at 12. The Court found a genuine dispute as to whether the payroll duties were an essential function. *Id.* at 12-14.

For the whistleblower claims, Plaintiff alleged that her access to employees' leave information was restricted, that she needed that information to process payroll, and that she reported the problem to Defendants and then faced retaliation. Compl. ¶¶ 100-126. The Court held that Plaintiff failed to make a prima facie case of whistleblower discrimination under O.R.S. 659A.203 because she conceded that she did not need access to employees' leave information to

perform the duties she was assigned, so any good-faith belief that Defendants were violating the law was not reasonable. Op. & Ord. 17-18. Plaintiff did, however, make a prima facie case under O.R.S. 659A.199, which requires only a good-faith belief. *Id.* at 18. Finally, the Court held that Defendant Shriners was entitled to summary judgment on all of the discrimination claims because Plaintiff failed to show that the proffered legitimate, nondiscriminatory reason for terminating her—time theft—was pretextual. *Id.* at 19-22.

Defendants argue that Plaintiff's disability discrimination claims were frivolous, unreasonable, or without foundation because she could not establish a prima facie case. Def. Mot. 4. Defendants state, "There was no evidence that Plaintiff was disabled or did more than present a doctor's note and tell Shriners that she wanted to be removed from payroll duties." *Id.* Plaintiff points to the Court's conclusion that stress and anxiety could be mental impairments under the ADA and states that her reliance on her doctor's notes showed she considered herself disabled. Pl. Resp. 5-6. Plaintiff also points to the genuine dispute over whether timekeeping was an essential function. *Id.* at 6.

Defendants argue that Plaintiff's whistleblower claims were frivolous, unreasonable, or without foundation, pointing to her concession that she did not need access to leave information to perform her duties. Def. Mot. 4. Defendants also point out that "Plaintiff did not dispute the discrepancy between the paper timesheet and the garage and video records that established the legitimate, non-discriminatory basis for her termination from Shriners." *Id.* at 5. Plaintiff contends that her whistleblower claims were not frivolous, unreasonable, or without foundation because there was a genuine dispute about whether she had a good-faith belief that Defendants were violating the law, and there is caselaw suggesting that both whistleblower statutes require only a good-faith belief. Pl. Resp. 6-8. Plaintiff also argues

5 – OPINION & ORDER

that because the two whistleblower statutes are so similar, fees should not be awarded for the claim under O.R.S. 659A.203 because that same work was needed for the O.R.S. 659A.199 claim, for which Plaintiff did make a prima facie case. *Id.* at 8-9.

The Court concludes that Plaintiff's claims, while weak, were not frivolous, unreasonable, or without foundation. Although Plaintiff failed to produce enough evidence to make a prima facie case of disability, the underlying theory of the case was consistent with the law, and there was enough evidence in the record that the outcome of the claims was not obvious. For the whistleblower claims, Plaintiff's argument that O.R.S. 659A.203 should be evaluated by the same standard as 659A.199, the claim for which Plaintiff did make a prima facie case, is not a frivolous argument. *See* Pl. Resp. 7-8. Finally, with respect to pretext, while Plaintiff provided insufficient evidence that the legitimate reason proffered for her termination was pretextual, the record was not so wholly devoid of evidence of pretext as to render the outcome obvious. *See Hughes v. Rowe*, 449 U.S. 5, 15-16 (1980) ("Allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, 'groundless' or 'without foundation' as required by *Christiansburg*.").

Claims comparable to Plaintiff's in terms of the viability of the underlying legal theory and the strength of the evidence have been found not to be frivolous. In *Summers*, for example, the plaintiff injured his back driving a water truck for the defendant, called to say he did not want to drive a water truck again, and did not call the defendant to say that he was available to drive other vehicles. 127 F.3d at 1153. There was no triable issue as to whether the defendant had discriminated against the plaintiff under the ADA by failing to call him into work. *Id.* But the Ninth Circuit held that the defendant was not entitled to attorney fees. *Id.* at 1154. *See also Karam*, 352 F.3d at 1196 (the "tenuous" factual basis for plaintiff's First Amendment retaliation

6 – OPINION & ORDER

claims, and her failure of proof at the summary judgment stage, did not mean that the claims were frivolous). In contrast, the Ninth Circuit held that a plaintiff's claim for intimidation under the ADA was frivolous because "[b]y its own terms, protection under the ADA against intimidation does not extend to a plaintiff's attempts to exercise rights granted or protected by the IDEA—the basis of K.S.'s claim in this case." *C.W. v. Capistrano Unified Sch. Dist.*, 784 F.3d 1237, 1247 (9th Cir. 2015). *See also Harris v. Maricopa Cnty. Superior Ct.*, 631 F.3d 963, 977 (9th Cir. 2011) (holding that hostile work environment claim was frivolous where the plaintiff did not allege that the discrimination he faced was severe or pervasive enough to alter the conditions of his employment). Plaintiff's discrimination claims rested on viable legal theories, and while the evidence in her favor was weak, it was not so weak that the outcome was obvious. The discrimination claims were not frivolous, unreasonable, or without foundation. Accordingly, Defendants are not entitled to recover attorney fees. The Court now turns to costs.

**II.     Costs**

   A.     Standard

Until recently, the Court's analysis of attorney fees would also have resolved the issue of costs. *See Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1190 (9th Cir. 2001) (applying *Christiansburg* to an award of costs to a prevailing defendant under the ADA). But the Ninth Circuit recently held that "Rule 54(d)(1) governs the award of costs to a prevailing ADA defendant, and such costs may be awarded in the district court's discretion." *Garcia v. Gateway Hotel L.P.*, No. 21-55926, 2023 WL 5989540, at *2 (9th Cir. Sept. 15, 2023). The Court therefore applies Federal Rule of Civil Procedure 54 to Defendants' request for costs.

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "[T]he

word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013). That discretion, however, is confined to the categories of recoverable costs enumerated at 28 U.S.C. § 1920. *Alflex Corp. v. Underwriters Lab'ys, Inc.*, 914 F.2d 175, 176 (9th Cir. 1990).

"[A] district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003). *See also Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006) ("[A] losing party must establish a reason to deny costs."). "Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247-48 (9th Cir. 2014). "District courts should consider the financial resources of the plaintiff and the amount of costs in civil rights cases." *Stanley v. Univ. of S. California*, 178 F.3d 1069, 1079 (9th Cir. 1999) (holding that district court abused its discretion in refusing to re-tax costs of $46,710.97 awarded to prevailing defendants where plaintiff argued that she would be rendered indigent if she had to pay the costs and that taxing costs would have a chilling effect on other civil rights litigants).

      B.      Application

Defendants seek to recover the costs of serving subpoenas on Plaintiff's employers and obtaining transcripts of three depositions, for a total of $3,840.55. Bill of Costs 1. Both costs are recoverable. *Alflex Corp.*, 914 F.2d at 177 ("[F]ees for deposition copies and private service of process are properly taxed under section 1920."). Plaintiff asserts that she cannot pay

Defendants' costs, and further challenges the reasonableness of some costs. Plaintiff states that she "is a single mother who does not have the means to pay an award of Defendants' attorney's fees and costs." Pl. Resp. 10. She states that awarding fees and costs "would have an immense chilling effect on other Plaintiffs of modest means from seeking legal recourse against large employers for perceived discrimination and retaliation for fear of being stuck paying a large attorney's fees and costs assessment should their case not prevail." *Id.*

The Court first considers Plaintiff's argument that she cannot afford to pay Defendants' costs and that taxing costs against her would have a chilling effect on other plaintiffs. Defendants seek $3,840.55 in costs, a relatively low amount. In contrast, the plaintiff in *Stanley* faced costs of over $46,000—a large amount for an individual plaintiff of modest means today, and even larger when the case was decided in 1999. Plaintiff does not provide evidence indicating that she cannot pay the costs sought. The Court concludes that the amount of costs sought here is not unduly burdensome to Plaintiff and would not have a chilling effect on other civil rights plaintiffs. Other courts in this district have awarded costs to prevailing defendants under similar circumstances. *E.g.*, *Hoppman v. Liberty Mut. Ins. Co.*, No. 3:17-CV-00402-BR, 2018 WL 2432943, at *2-*3 (D. Or. May 30, 2018) (awarding costs of $4,695.20 to prevailing employer in ADA failure-to-accommodate lawsuit).

The Court taxes costs against Plaintiff with adjustments. Defendants seek $2,770.55 in costs for obtaining transcripts of the depositions of Plaintiff, Defendant Susan Steen, and Sarah Risinger, as well as a court reporter appearance fee for Plaintiff's deposition. Bill of Costs 1, Ex. 1. All three depositions were used extensively. Plaintiff does not argue that these costs are unjustified. The Court awards Defendants these deposition-related costs.

9 – OPINION & ORDER

Defendants seek $1,070 in costs for serving subpoenas on Plaintiff's employers. Bill of Costs 1, Ex. 2. Plaintiff argues that these costs should not be taxed against her. Pl. Resp. 11. First, she states that she "sees no calculated justification for how Defendants used Plaintiff's work history in the successful defense of Plaintiff's claims." *Id.* at 12. Plaintiff also argues that the priority fees for service of each subpoena and the cost of failed service of one subpoena based on an incorrect address should not be taxed against her. *Id.* Although Plaintiff's work history may not have been important to Defendants' success on their motion for summary judgment, that does not mean it was unreasonable for Defendants to subpoena information from Plaintiff's employers during discovery. *See, e.g.*, *Smith v. Legacy Partners Inc.*, No. 221CV00629JHCBAT, 2022 WL 1194125, at *4 (W.D. Wash. Apr. 21, 2022) (denying motion to quash subpoenas served on plaintiff's former employers in employment discrimination case); *Wilson v. Decibels of Oregon, Inc.*, No. 1:16-CV-00855-CL, 2017 WL 393602, at *2 (D. Or. Jan. 26, 2017) (holding that employment history was relevant to employment discrimination claim). But the Court agrees with Plaintiff that she should not have to bear the cost of priority fees for service of the subpoenas. Defendant does not explain why a priority fee was necessary, and the Court concludes that it was not necessary. Likewise, Plaintiff should not have to bear the cost of failed service because the wrong address was given to the process server. *See* Bill of Costs Ex. 2 at 3. The total priority fees charged were $420, and failed service incurred a $70 fee. *Id.* at 1-3. The Court therefore reduces the award of service costs by $490, for an award of $580. In sum, Defendants are entitled to $3,350.55 in costs.

//

//

//

10 – OPINION & ORDER

**CONCLUSION**

Defendants' Motion for Attorney Fees [50] is DENIED. Defendants' Bill of Costs [52] is allowed as adjusted. The Clerk is directed to tax costs of $3,350.55 against Plaintiff.

IT IS SO ORDERED.

DATED:___October 12, 2023_____.

_____
MARCO A. HERNÁNDEZ
United States District Judge